IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

GLENNIE DEE DAVIS,           )
AIS 120206,                  )
                             )
      Petitioner,            )
                             )
v.                           )      CASE NO. 2:24-CV-108-ECM-KFP
                             )
WARDEN JOSEPH HEADLEY, et al.,)
                             )
      Respondents.           )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.      INTRODUCTION**

Petitioner Glennie Dee Davis, a state inmate at the Staton Correctional Facility in

Elmore, Alabama, filed this pro se habeas application purporting to bring it under the

savings clause of 28 U.S.C. § 2241.[1] Doc. 1 at 1. Davis challenges his first-degree robbery

conviction and life sentence entered in 1982 by the Covington County Circuit Court. *Id*.

On habeas, Davis challenges his enhanced life sentence under the Habitual Felony

Offender Act alleging it is illegal because the Act was repealed on July 6, 2020, and a

recent change to Alabama's law regarding truth-in-sentencing applies retroactively to

inmates sentenced before October 1, 2013. *Id.* at 1, 5, 13–14.

_____

[1] Notably, 28 U.S.C. § 2241 does not contain a saving clause; rather, the saving clause is found in 28 U.S.C.
§ 2255(e) and applies only to federal prisoners seeking habeas relief. *See Taylor v. Warden FCI Marianna*,
557 F. App'x 911, 913 (11th Cir. 2014) (explaining that the saving clause of 28 U.S.C. § 2255(e) permits
a federal prisoner to file a habeas petition pursuant to § 2241 if he establishes that the remedy afforded by
§ 2255 "is inadequate or ineffective to test the legality of his detention").

Because Davis asserts claims challenging the state court judgment under which he is imprisoned, his petition is properly treated as a petition for writ of habeas corpus under 28 U.S.C. § 2254.[2] *See, e.g., Thomas v. Crosby*, 371 F.3d 782, 785–87 (11th Cir. 2004). A petitioner cannot evade the procedural requirements of § 2254 by filing something purporting to be something else. *Id*. at 787. For the reasons below, the Magistrate Judge recommends that Davis's § 2254 petition be dismissed as a successive petition filed without the required appellate court authorization.

## II.    DISCUSSION

Davis's § 2254 petition is his ninth attempt to challenge, via habeas corpus, his 1982 Covington County conviction for first-degree robbery, and he acknowledges that this habeas petition is successive. Doc. 1 at 2. Davis's first four habeas petitions were dismissed without prejudice to allow him an opportunity to exhaust his available state-court remedies. *See Davis v. Chambers*, Civil Action No. 2:82-CV-892-MHT (M.D. Ala.1983); *Davis v. Bowen*, Civil Action No. 2:84-CV-117-MHT (M.D. Ala. 1984); *Davis v. White*, Civil Action No. 2:84-CV-1538-MHT (M.D. Ala. 1985); *Davis v. White*, Civil Action No. 2:85-CV-721-ID (M.D. Ala. 1986). This Court denied Davis's fifth habeas corpus petition on the merits. *See Davis v. Johnson*, Civil Action No. 2:88-CV-33-MHT (M.D. Ala. 1989).

_____

[2] Davis wrote "Savings Clause 28 U.S.C. § 2241" at the top of his habeas application. Doc. 1 at 1. However, the appropriate vehicle for Davis to challenge the state court judgment is a petition for habeas corpus under 28 U.S.C. § 2254. *See Malloy v. Riley*, Civil Action No. 4:02-79-IPJ (N.D. Ala. 2003), *aff'd* 82 F. App'x 222 (Table) (Aug. 26, 2003 (Doc. No. 23 at 6–8)) (affirming district court's summary dismissal of construed § 2254 habeas petition as successive under 28 U.S.C. § 2244(b)(3)(A) and holding "that state prisoners seeking to challenge their sentence must proceed under § 2254 and may not invoke § 2241"); *see also Cook v. Baker*, 139 F. App'x 167, 169 (11th Cir. 2005) (holding that "exclusive remedy for [state prisoner's] claim is to file a habeas corpus petition pursuant to 28 U.S.C. § 2254 since his claim challenges the propriety of his . . . sentence, as well as the execution of his sentence").

Davis filed a sixth habeas petition that this Court dismissed as a successive petition under Rule 9(b), *Rules Governing Section 2254 Cases in the United States District Courts*. *See Davis v. Morrison*, Civil Action No. 2:92-CV-1008-ID (M.D. Ala. 1993). Davis filed a seventh habeas petition that this Court dismissed for lack of jurisdiction because it constituted a successive § 2254 habeas petition filed without the required appellate court preauthorization under 28 U.S.C. § 2244(b)(3)(A). *See Davis v. Mitchem*, et al., Civil Action No. 2:00-CV-957-ID (M.D. Ala. 2000). Davis's eighth habeas petition, *Davis v. Davenport*, Civil Action No. 4:12-CV-2044-AKK (N.D. Ala. 2012), filed in the United States District Court for the Northern District of Alabama, was dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1). Davis filed his ninth habeas petition on October 23, 2018, which this Court dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A). *See Davis v. Crow*, 2:18-CV-905-MHT (M.D. Ala. 2018).

Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals" and may be granted "only if [the assigned panel of judges] determines that the application makes a prima facie showing that

the application satisfies the requirements of [28 U.S.C. § 2244(b)(1) or (b)(2)]."[3] 28 U.S.C. § 2244(b)(3)(B) & (C).

The instant petition is a successive petition subject to the limitations of § 2244(b). Davis furnishes no certification from the Eleventh Circuit Court of Appeals authorizing this Court to proceed on his successive petition. "Because this undertaking [is a successive] habeas corpus petition and because [Davis] had no permission from [the Eleventh Circuit] to file a [successive] habeas petition, . . . the district court lack[s] jurisdiction to grant the requested relief." *Gilreath v. State Bd. of Pardons and Paroles*, 273 F.3d 932, 933 (11th Cir. 2001); *see Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (providing that, without an order from the court of appeals authorizing the district court to consider a successive habeas petition, the district courts lacks jurisdiction to consider the petition). Consequently, Davis's § 2254 petition is due to be dismissed as a successive petition filed without the requisite preauthorization from the Eleventh Circuit Court of Appeals.

## III.   CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS this 28 U.S.C. § 2254 petition be DISMISSED for lack of jurisdiction, as Petitioner Glennie Dee Davis has

---

[3] Section 2244(b)(1) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was presented in a prior application shall be dismissed. Section 2244(b)(2) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

failed to obtain the required order from the Eleventh Circuit Court of Appeals authorizing a federal district court to consider his successive application.

It is further ORDERED that by **April 2, 2024**, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered. The Recommendation is not a final order and, therefore, is not appealable.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1.

DONE this 19th day of March, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE