IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GLENNIE DEE DAVIS, AIS 120206, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:24-cv-108-ECM |
| | ) [WO] |
| WARDEN JOSEPH HEADLEY, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION and ORDER**

On March 19, 2024, the Magistrate Judge entered a Recommendation that Petitioner Glennie Dee Davis' petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1) be dismissed for lack of jurisdiction because it is a successive petition which was filed without the required authorization from the Eleventh Circuit Court of Appeals. (Doc. 6). On March 26, 2024, the Petitioner timely filed objections to the Magistrate Judge's Recommendation. (Doc. 9).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Petitioner's objections, the Court concludes that the Petitioner's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and the Petitioner's § 2254 petition is due to be dismissed without prejudice for lack of jurisdiction.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject,

or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Magistrate Judge concluded in relevant part that the Petitioner previously brought a § 2254 petition which was adjudicated on the merits, thereby rendering his current petition a "second or successive" petition for purposes of 28 U.S.C. § 2244(b). (Doc. 6 at 2, 4). The Petitioner objects to the Recommendation on the grounds that: (1) his sentence amounts to cruel and unusual punishment; (2) his sentence was imposed under the Habitual Felony Offender Act, which has since been repealed; (3) Alabama's "truth-in-sentencing" law applies retroactively to the life sentence he is serving, and he can attack an illegal sentence any time; (4) he was selectively prosecuted in violation of his equal protection rights; and (5) his life sentence was improperly enhanced by prior convictions not categorized as crimes of violence. (Doc. 9 at 1–3). These objections are either irrelevant, conclusory, or constitute restatements of the allegations in his petition (doc. 1)

or arguments already presented; therefore, they do not constitute specific objections and are thus reviewed for clear error, and they are due to be overruled. To the extent the Petitioner presents specific objections, they do not establish that the Magistrate Judge erred in concluding that the Petitioner's current § 2254 petition constitutes a "second or successive" petition under 28 U.S.C. § 2244(b) for which he failed to obtain the required authorization from the Eleventh Circuit Court of Appeals. Consequently, the Petitioner's objections are due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

1. The Petitioner's objections (doc. 9) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 6) is ADOPTED;

3. The Petitioner's § 2254 petition (doc. 1) is DISMISSED without prejudice for lack of jurisdiction.

A separate Final Judgment will be entered.

DONE this 2nd day of July, 2024.

                         /s/ Emily C. Marks
                         EMILY C. MARKS
                         CHIEF UNITED STATES DISTRICT JUDGE